1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14

| STEVEN MAURICE WILLIAMS, | Case No. C20-994RSL |
|---|---|
| Defendant-Petitioner, | ORDER GRANTING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE |
| v. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff-Respondent. | |

15      In this motion under 28 U.S.C. § 2255, petitioner Steven Maurice Williams moves to
16 vacate, set aside, or correct his sentence under 18 U.S.C. § 922(g). Case No. CV20-994RSL
17 Dkt. # 1. The Court has considered the parties' memoranda, the exhibits, and the remainder of
18 the record. For the following reasons, the petition is GRANTED.

19                          **I.      BACKGROUND**

20      In September 2013, a federal indictment charged Williams with Possession of Child
21 Pornography (Count 1), Production of Child Pornography/Sexual Exploitation of Children
22 (Count 2), and Felon in Possession of a Firearm (Count 3). Case No. CR13-287RSL, Dkt. # 10
23 at 1–3.[1] In February 2014, Williams accepted a plea agreement to Count 2, Production of Child
24 Pornography/Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a) and (e), and
25 Count 3, Felon in Possession of a Firearm in violation of 18 U.S.C § 922(g)(1), and). CR Dkt.

26
27
28          [1] Hereinafter, citations referring to the civil case docket will be noted as "CV Dkt. xx" and as
"CR Dkt. xx" for the criminal case.

# 26 at 1–2. As predicate convictions for Williams' felon-in-possession charge, the indictment and plea agreement list a 1994 conviction for Residential Burglary and a 1997 conviction for Possessing Stolen Property in the Second Degree for which the statutory maximum terms of incarceration under Washington state law exceeded one year. CR Dkt. # 10 at 2; CR Dkt. # 26 at 8; CV Dkt. # 1-3 at 12; CV Dkt. # 1-4 at 12. Williams was subject to Washington state mandatory guidelines ranges of three to nine months for Residential Burglary, CV Dkt. # 1-4 at 12, and zero to ninety days for Possessing Stolen Property. CV Dkt. # 1-3 at 12. Williams did not file a direct appeal of his conviction or sentence. See generally CR Dkt.

Williams' plea agreement required Williams to plead guilty to three state counts of Rape of a Child in the First Degree. CR Dkt. # 26 at 6–7; CV Dkt. # 1-1 at 2. The Government recommended the state and federal sentences be served concurrently. CR Dkt. # 26 at 7. Additionally, Williams agreed to waive any right to bring a collateral attack against the conviction and sentence except as related to the effectiveness of legal representation. Id. at 10–11. On May 16, 2014, the Court imposed a 240-month prison sentence followed by fifteen years of supervised release. CR Dkt. # 40 at 2–3. In September 2014, the state court sentenced Williams to an indeterminate sentence of 318 months to life and ordered the sentence to run concurrently with the federal sentence. CV Dkt. # 1-1 at 6; CV Dkt. # 1-2 at 2.

In June 2020, Williams filed this 28 U.S.C. § 2255 motion to vacate his conviction for Felon in Possession of a Firearm under 18 U.S.C. § 922(g) alleging he is actually innocent of the offense. CV Dkt. # 1 at 1.

## II.   DISCUSSION

### A.   Timeliness

The government addresses the timeliness of Williams' actual innocence claim on two bases: (1) to the extent that Williams has a Rehaif-based claim (that Williams did not have knowledge of his prohibited status); and (2) to the extent that Williams has a Valencia-Mendoza-based claim (that Williams was not subject to a maximum term of imprisonment of more than one year for his underlying offenses.) See Rehaif v. United States, 139 S. Ct. 2191

ORDER GRANTING MOTION UNDER 28 U.S.C. § 2255 - 2

1  (2019); United States v. Valencia-Mendoza, 912 F.3d 1215 (9th Cir. 2019); United States v.

2  McAdory, 935 F.3d 838 (9th Cir. 2019); CV Dkt. # 4 at 4.

3       The government concedes that Williams' Rehaif-based claim is timely. CV Dkt. # 4 at 4.

4  Under 28 U.S.C. § 2255, a claim is timely if it is brought within one year of the date on which

5  the right asserted was initially recognized by the Supreme Court, if that right has been newly

6  recognized by the Supreme Court and made retroactively applicable to cases on collateral

7  review. 28 U.S.C. § 2255(f)(3). On June 21, 2019, the Supreme Court issued its decision in

8  Rehaif, holding that a felon-in-possession conviction under 18 U.S.C. § 922(g) requires proof

9  the defendant knew of his prohibited status. 139 S. Ct. at 2194. The government agrees that

10 Rehaif applies retroactively to cases on collateral review. CV Dkt. # 4 at 5 (citing Welch v.

11 United States, 136 S. Ct. 1257, 1264–66 (2016)). Because Williams' § 2255 motion was filed

12 within one year of the Rehaif decision, Williams' Rehaif-based claim is timely. 28 U.S.C.

13 § 2255(f)(3).

14      Additionally, Williams' actual innocence is sufficient to overcome the untimeliness of his

15 Valencia-Mendoza-based claim. See McQuiggin v. Perkins, 569 U.S. 383, 391–98 (2013)

16 (holding that a plea of actual innocence can overcome Antiterrorism and Effective Death

17 Penalty Act's (AEDPA) one-year statute of limitations for filing habeas petitions); Valencia-

18 Mendoza, 912 F.3d 1215. The government concedes this timeliness issue as well. CV Dkt. # 4 at

19 4.

20 **B.    Procedural Default**

21      A defendant who fails to raise a claim on direct appeal is generally barred from raising

22 the claim on collateral review in federal habeas cases. Sanchez-Llamas v. Oregon, 548 U.S. 331,

23 350–51 (2006). A defendant can overcome procedural default and have the court consider the

24 merits of his 28 U.S.C. § 2255 claim by demonstrating: (1) sufficient cause for the default and

25 actual prejudice resulting from it; or (2) that he is actually innocent of the offense. Bousley v.

26 United States, 523 U.S. 614, 622 (1998). Although Williams' claim is procedurally defaulted

27 because he did not appeal his convictions in Case No. CR13-0287RSL, the government

28 concedes Williams' actual innocence is sufficient to overcome the procedural default. CV Dkt.

1  # 4 at 4; see Vosgien v. Persson, 742 F.3d 1131, 1134 (9th Cir. 2014); Nair v. United States, No.

2  C19-1751JLR, 2020 WL 151562, at 3* (W.D. Wash. Mar. 30, 2020).

3  **C.    Actual Innocence**

4          The Supreme Court and Ninth Circuit have reserved expressly deciding whether an actual

5  innocence claim is cognizable, Dist. Attorney's Off. for Third Jud. Dist. v. Osborne, 557 U.S.

6  52, 71 (2009); Taylor v. Beard, 811 F.3d 326, 334 (9th Cir. 2016), but have each assumed that

7  such a federal right exists. See Herrera v. Collins, 506 U.S. 390, 417 (1993) (acknowledging the

8  possibility that a freestanding actual innocence claim would exist in the capital context); House

9  v. Bell, 547 U.S. 518, 554–55 (2006) (acknowledging that any freestanding actual innocence

10  claim would need to meet the standard implied in Herrera); see also United States v. Berry, 624

11  F.3d 1031, 1038 n.5 (9th Cir. 2010) (stating in dicta that "this circuit recognizes a claim of

12  actual innocence that is cognizable under § 2255[.]"). The Supreme Court has stated that the

13  standard of proof required of a habeas petitioner to make a successful freestanding claim would

14  be "extraordinarily high," and that the showing would have to be "truly persuasive." Herrera,

15  506 U.S. at 417; see also Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir. 1997). In Carriger, the

16  Ninth Circuit articulated a standard for an actual innocence claim, that a petitioner must go

17  beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably

18  innocent. 132 F.3d at 476 (citing Herrera, 506 U.S. at 442–44 (Blackmun, J., dissenting)).

19          Here, Williams' felon-in-possession conviction was obtained in violation of the "laws of

20  the United States" due to an intervening change in the law. Davis v. United States, 417 U.S. 333,

21  346 (1974) (quoting 28 U.S.C. § 2255). Unlike insufficiency of evidence claims which do not

22  meet the "extraordinarily high" standard required by Herrera, Williams has affirmatively proved

23  that he is actually innocent as a matter of law and therefore his claim is cognizable. See 506 U.S.

24  at 417; Carriger, 132 F.3d at 476; see also Pringle v. Runnels, No. 07-CV-1960-LAB POR, 2010

25  WL 5582945, at *10 (S.D. Cal. June 22, 2010), report and recommendation adopted as

26  modified, No. 07-CV-1960-LAB POR, 2011 WL 129427 (S.D. Cal. Jan. 13, 2011) (holding that

27  in both capital and non-capital cases, "a freestanding claim of actual innocence constitutes a

28  cognizable constitutional claim, subject to federal habeas corpus review.").

ORDER GRANTING MOTION UNDER 28 U.S.C. § 2255 - 4

In <u>Valencia-Mendoza</u>, the Ninth Circuit overruled prior circuit precedent and held that a Washington state conviction is a crime punishable by imprisonment for a term exceeding one year if the top-end of the defendant's mandatory state guidelines range or the actual sentence imposed exceeded one year. <u>See</u> 912 F.3d at 1224. To establish actual innocence, the petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. <u>Bousley</u>, 523 U.S. at 623. A petitioner is actually innocent when he was convicted for conduct not prohibited by law. <u>Alaimalo v. United States</u>, 645 F.3d 1042, 1047 (9th Cir. 2011). One way for a defendant to "demonstrate actual innocence is to show in light of subsequent case law that he cannot, as a legal matter, have committed the alleged crime." <u>Vosgien</u>, 742 F.3d at 1134.

Williams is actually innocent of his felon-in-possession conviction pursuant to 18 U.S.C. § 922(g)(1) because Williams' prior convictions for residential burglary and possessing stolen property were not punishable by a term of imprisonment exceeding one year. <u>See</u> <u>Valencia-Mendoza</u>, 912 F.3d 1215; <u>Rehaif</u>, 139 S. Ct. 2191; <u>McAdory</u>, 935 F.3d 838. In <u>Rehaif</u>, the Supreme Court overruled longstanding precedent from the Ninth Circuit concerning the scope of 18 U.S.C. § 922(g). 139 S. Ct. at 2194. The Supreme Court held that § 922(g)(1) requires that the individual know that he possessed a firearm and that he belonged to one of the prohibited categories listed in § 922(g)(1) when he possessed the firearm. <u>Id.</u> Because none of Williams' prior convictions were qualifying predicates for the felon-in-possession charge, <u>see</u> CV Dkt. # 1-3 at 27; CV Dkt. # 1-4 at 27, Williams did not know his prohibited status and is thus actually innocent under the intervening change in law. <u>Rehaif</u>, 139 S. Ct. at 2194; <u>Valencia-Mendoza</u>, 912 F.3d at 1216.

**D.     Concurrent-Sentence Doctrine**

The concurrent-sentence doctrine provides courts with discretion not to reach the merits of a claim attacking fewer than all multiple concurrent sentences if success on the claim would not have any collateral consequences or change the term of imprisonment. <u>See</u> <u>Benton v. Maryland</u>, 395 U.S. 784, 791 (1969). The government argues that the doctrine applies here because even if the Court were to vacate Williams' felon-in-possession conviction, Williams

ORDER GRANTING MOTION UNDER 28 U.S.C. § 2255 - 5

1  will remain subject to the concurrent 240-month sentence imposed for his child-pornography

2  conviction. CV Dkt. # 4 at 2.

3       The Court declines to apply the concurrent-sentence doctrine in this case. The Ninth

4  Circuit has rejected the use of concurrent-sentence doctrine as a means of avoiding review of

5  criminal convictions on direct appeal. United States v. De Bright, 730 F.2d 1255, 1259 (9th Cir.

6  1984) (en banc); see also Cruickshank v. United States, 505 F. Supp. 3d 1127, 1131 (W.D.

7  Wash. 2020)). In De Bright, the Ninth Circuit reasoned it "[could not] conclude in good

8  conscience that [it] possess[ed] the ability to predict with sufficient certainty all the adverse

9  collateral legal consequences of unreviewed convictions" and thus the collateral-sentence

10  doctrine is "unfair to defendants and inappropriate in our criminal justice system." 730 F.2d at

11  1259. In Cruickshank, this District extended the Ninth Circuit's reasoning in De Bright to the

12  § 2255 context and declined to apply the concurrent-sentence doctrine. 505 F. Supp. 3d at 1131.

13  Likewise, this Court is persuaded that the Ninth Circuit's reasoning in De Bright applies in the

14  § 2255 context and declines to dismiss Williams' motion under the concurrent-sentence

15  doctrine. See id.

16  **E.   Collateral Attack Waiver**

17       The government argues that Williams waived his right to bring a § 2255 motion in his

18  plea agreement.[2] CV Dkt. # 4 at 7; CR Dkt. # 26 at 10–11. Williams' plea agreement waives

19  "any right to bring a collateral attack against the conviction and sentence . . . except as it may

20  relate to the effectiveness of legal representation." CR Dkt. # 26 at 10–11. Here, Williams'

21  waiver is valid. Neither party alleges that Williams' waiver was invalid and there is no evidence

22

23

24      [2] The government also suggests that by not arguing in his § 2255 motion that the appeal waiver

25  was unenforceable, Williams waived the opportunity to argue that the waiver provision does not
    foreclose this collateral challenge. CV Dkt. # 4 at 9. However, collateral attack waiver is an affirmative

26  defense to be raised by the government, so the petitioner is not required to raise it. See United States v.

27  Sainz, 933 F.3d 1080, 1086–87 (9th Cir. 2019) (adopting as persuasive the Eleventh Circuit's analysis of
    a § 2255 waiver as a waivable affirmative defense in Burgess v. United States, 874 F.3d 1292 (11th Cir.

28  2017), to analyze a waiver in a § 3582(c)(2) proceeding).

1  in the record to support that conclusion. The issue is whether Williams' actual innocence claim
2  is within the scope of the valid waiver in his plea agreement.

3      Standard principles of contract law guide the interpretation of the terms of a plea
4  agreement.[3] United States v. Torres, 828 F.3d 1113, 1124 (9th Cir. 2016). The Ninth Circuit will
5  enforce an appeal waiver contained in a plea agreement if "the language of the waiver
6  encompasses [the defendant's] right to appeal on the grounds raised, and if the waiver was
7  knowingly and voluntarily made." Id. (quoting United States v. Joyce, 357 F.3d 921, 922 (9th
8  Cir. 2004)).

9      Defendants are permitted to waive their right to collaterally attack a conviction as part of
10 a plea agreement. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). In Abarca,
11 the Ninth Circuit considered whether the petitioner's appeal waiver made as part of his plea
12 agreement precluded his right to relief under § 2255 when he claimed that newly discovered
13 partially exculpatory evidence entitled him to resentencing. Id. at 1013. The Ninth Circuit held
14 that the petitioner's appeal waiver precluded his right to relief under § 2255 because like a direct
15 appeal, a collateral attack is statutory, and a knowing and voluntary waiver of a statutory right is
16 enforceable. Id. at 1014. The Ninth Circuit reasoned that the petitioner's waiver did not
17 categorically foreclose him from bringing any § 2255 proceeding, such as a claim of ineffective
18 assistance of counsel or involuntariness of waiver, but his waiver did contemplate the question
19 of the "degree of his culpability." Id.

20     Williams' claim is unlike Abarca, because Williams is actually innocent of the offense as
21 a legal matter. In United States v. Adams, the Fourth Circuit considered whether a petitioner was
22 actually innocent of § 922(g) (prior to Rehaif) because of United States v. Simmons, 649 F.3d

23
24     [3] Torres held that "[a] waiver of appellate rights will . . . not apply if a defendant's sentence is
25 'illegal[.]'" 828 F.3d at 1125. The government suggests that Torres may not necessarily apply to
   challenges to a conviction in addition to challenges to a sentence. CV Dkt. # 4 at 8. The Torres court
26 reasoned that "the Constitution imposes a floor below which a defendant's plea, conviction, and
   sentencing may not fall." 828 F.3d at 1124–25. By the court's reasoning in Torres, an appeal waiver
27 should be considered not only in the context of illegal sentences but in the context of illegal convictions
   as well. See id. Because Williams' conviction is illegal, the appeal waiver in his plea agreement does not
28 bar this challenge.

ORDER GRANTING MOTION UNDER 28 U.S.C. § 2255 - 7

237 (4th Cir. 2011), which held that for the purposes of § 922(g), a prior conviction was punishable for a term of imprisonment exceeding one year only if the upper end of the mandatory state guideline was greater than one year. 814 F.3d 178, 182–83 (4th Cir. 2016). Like the Fourth Circuit held in <u>Simmons</u>, the Ninth Circuit has held that for the purposes of § 922(g), an offense qualifies as a predicate felony if it is punishable by imprisonment for a term exceeding one year if the defendant's conviction actually exposes the defendant to that sentence under the state's mandatory sentencing scheme. <u>McAdory</u>, 935 F.3d at 843. The <u>Adams</u> court held that the petitioner's <u>Simmons</u>-based claim fell within the "miscarriage of justice" exception to the enforceability of collateral attack waivers, reasoning that "just as the criminal justice system must see the guilty convicted and sentenced to a just punishment, so too must it ferret out and vacate improper convictions." 814 F.3d at 185. Like the petitioner in <u>Adams</u>, Williams was not convicted of a felony subject to imprisonment for a term exceeding one year at the time of the charged offense. <u>See id.</u> Therefore, it was not illegal under § 922(g) for Williams to possess a firearm, and he should not remain convicted of a crime for which is he actually innocent.

The Ninth Circuit has held that an appeal waiver will not apply if the sentence violates the law but has not explicitly addressed an exception for miscarriages of justice.[4] <u>See United States v. Bibler</u>, 495 F.3d 621, 624 (9th Cir. 2007). Several federal appeals courts have declined to enforce appeal waivers when doing so would result in a true miscarriage of justice. <u>See, e.g.</u>, <u>United States v. Teeter</u>, 257 F.3d 14, 25 (1st Cir. 2001); <u>United States v. Castro</u>, 704 F.3d 125, 139 (3d Cir. 2013); <u>United States v. Andis</u>, 333 F.3d 886, 891 (8th Cir. 2003); <u>United States v. Litos</u>, 847 F.3d 906, 910 (7th Cir. 2017); <u>United States v. Hahn</u>, 359 F.3d 1315, 1327 (10th Cir. 2004). The Supreme Court has described the miscarriage of justice exception as "grounded in

---

[4] The government cites to three cases that purport to stand for the principle that a collateral attack waiver "encompasses a claim that the defendant is innocent of an offense." CV Dkt. # 4 at 8; <u>See United States v. McTiernan</u>, 552 F. App'x 749, 750 (9th Cir. 2014); <u>Pressley v. United States</u>, C12-5760BHS, Dkt. No. 13 at 6 (W.D. Wash. Nov. 14, 2012); <u>see also Oliver v. United States</u>, 951 F.3d 841, 844 (7th Cir. 2020). However, in all three cases, the petitioners were not actually innocent, whereas Williams is actually innocent as a matter of law.

the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." <u>Herrera</u>, 506 U.S. at 404. This Court finds persuasive the Fourth Circuit's arguments in <u>Adams</u> and declines to enforce the collateral attack waiver in Williams' plea agreement.

## III.   CONCLUSION

For all of the foregoing reasons, Williams' motion under 28 U.S.C. § 2255 to vacate, correct, or set aside his sentence is GRANTED. The Court VACATES and SETS ASIDE the felon-in-possession of a firearm conviction under 18 U.S.C. § 922(g) in Case No. CR-13-0287RSL. The parties shall contact the Court to schedule resentencing for the remaining conviction of Production of Child Pornography/Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a) and (e).

DATED this 25th day of October, 2021.

Robert S. Lasnik
United States District Judge