UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN MAURICE WILLIAMS,<br><br>　　　　Defendant-Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Respondent. | Case No. C20-994-RSL<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on respondent United States of America's "Motion for Reconsideration." (Dkt. # 8). For the reasons explained below, the government's motion for reconsideration is DENIED.

**I. BACKGROUND**

On October 25, 2021, the Court vacated and set aside Williams' felon in possession of a firearm conviction under 18 U.S.C. § 922(g) in Case No. CR13-287-RSL. Dkt. # 6 at 9. In the underlying case, Williams pleaded guilty to felon in possession of a firearm, along with other charges, and his plea agreement included a waiver of any right to bring a collateral attack against the conviction and sentence except as related to the effectiveness of legal representation. Id. at 1-2. The Court found that under recent Supreme Court and Ninth Circuit caselaw, Williams was actually innocent of his felon-in-possession conviction pursuant to 18 U.S.C. § 922(g)(1) because his prior state law convictions were not punishable by a term of imprisonment exceeding one year. Id. at 5. In considering Williams' ability to bring a collateral attack under § 2255, the Court found that the collateral attack waiver in Williams' plea

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

agreement was valid, id. at 6, but nonetheless declined to enforce it on the grounds that doing so would be a miscarriage of justice in light of Williams' actual innocence, id. at 7-9. In reaching this conclusion, the Court looked to the Fourth Circuit's reasoning in United States v. Adams, 814 F.3d 178 (4th Cir. 2016). Id. at 7-9.

On October 26, 2021, the government filed its timely motion for reconsideration. See Local Rules W.D. Wash. LCR 7(h). The government requests that the Court reconsider its original decision in light of the Ninth Circuit's opinion in United States v. Goodall, 15 F.4th 987 (9th Cir. 2021) ("Goodall I"), amended by 21 F.4th 555 (9th Cir. 2021) ("Goodall II" and, together with Goodall I, "Goodall"). Goodall I was issued on October 13, 2021 and was amended by Goodall II on December 28, 2021. See Dkt. # 8; Dkt. # 12.

## II. DISCUSSION

Motions for reconsideration "are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). Ordinarily, the Court will deny such motions in the absence of a showing of (i) "manifest error in the prior ruling," or (ii) "new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.

The government's motion for reconsideration does not present any new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. While Goodall I was decided only a short time before the Court issued its original order on Williams' § 2255 motion, LCR 7(n) permits parties to bring to the Court's attention relevant authority issued after the date the party's last brief was filed but before the Court rules on the pending motion. Local Rules W.D. Wash. LCR 7(n). The government failed to take advantage of this process.[1]

The government argues that Goodall compels the conclusion that Williams' § 2255 motion is barred by his collateral review waiver and that the Court's original order therefore constitutes a manifest error. Dkt. # 11 at 3. The Court does not find manifest error.

---

[1] The Court, however, acknowledges that the government properly submitted a notice of supplemental authority to inform the Court of the Ninth Circuit's amended opinion in Goodall II on December 28, 2021. See Dkt. # 12.

ORDER DENYING MOTION FOR
RECONSIDERATION - 2

In <u>Goodall</u>, the defendant committed a string of armed robberies. Goodall pleaded guilty to two counts of conspiracy to commit Hobbs Act robbery pursuant to 18 U.S.C. § 1951(a) and brandishing a firearm during and in relation to a crime of violence pursuant to 18 U.S.C. § 924(c)(3). <u>Goodall II</u>, 21 F.4th at 557. The Hobbs Act conspiracy charges served as predicate "crimes of violence" for the § 924(c)(3) charge. <u>Id.</u> at 559. Goodall's plea included a broad waiver of his right to appeal his conviction or sentence. <u>Id.</u> at 559-60. The Supreme Court subsequently held that conspiracy to commit Hobbs Act robbery cannot be a crime of violence under the residual clause of 18 U.S.C. § 924(c)(3). <u>Id.</u> at 560 (citing <u>United States v. Davis</u>, 139 S. Ct. 2319, 2336 (2019)). Goodall appealed, asserting that "post-<u>Davis</u>, only § 924(c)'s 'elements clause' defining a 'crime of violence' remains valid and that his conviction must be vacated because a Hobbs Act conspiracy is not a 'crime of violence' under the 'elements clause.'" <u>Id.</u> at 560-61. Goodall argued that the Ninth Circuit should extend existing caselaw holding that an appellate waiver does not apply to an "illegal sentence" to invalidate an appellate waiver if the conviction was later found to be "illegal." <u>Id.</u> at 562-63.

The Ninth Circuit declined Goodall's invitation to extend the "illegal sentence" exception. The court provided three lines of reasoning: (i) the "illegal sentence" exception is based on a technical definition, which does not include an "illegal conviction," (ii) the "illegal sentence" exception rests on the uncertainty in future sentencing, and (iii) Goodall's proposed appellate waiver exception could invite defendants to challenge a conviction on any error, therefore broadly undoing appellate waivers and disincentivizing the government from offering plea agreements. See <u>id.</u> at 562-65.

On December 28, 2021, the Ninth Circuit issued an amended opinion in <u>Goodall II</u>, denying Goodall's petitions for panel rehearing and rehearing *en banc*. <u>Id.</u> at 557. The amended opinion added only the following footnote to the opinion issued in <u>Goodall I</u>: "Defendant did not raise, and we do not consider, the applicability, if any, of an exception for a miscarriage of justice. We express no view on the viability of that exception in other circumstances." <u>Id.</u> at 557, 565 n.6.

ORDER DENYING MOTION FOR
RECONSIDERATION - 3

Unlike Goodall, Williams raised a miscarriage of justice exception, and the Court granted his collateral attack waiver exception on this ground. See Dkt. # 6 at 8-9. A miscarriage of justice exception is viable in this circumstance because the Court found that Williams is actually innocent of the offense in question.

The Goodall court did not expressly evaluate whether Goodall was actually innocent, as Goodall did not frame his argument on this term.[2] See Goodall II, 21 F.4th at 560-61. "Actual innocence" is a term of art. It means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). In cases where the government has foregone more serious charges in the course of plea bargaining, the petitioner's showing of actual innocence must extend to those charges as well. Id. at 625. However, the government must show that it elected not to charge the petitioner with the additional offenses in exchange for the guilty plea. See id.; cf. Oliver v. United States, 951 F.3d 841, 847 (7th Cir. 2020) ("[E]ven overlooking the shootout that occurred, the government could easily have premised the § 924(c) counts on the Hobbs Act robbery[3] of the pawn shop in Indiana. It is not a miscarriage of justice to refuse to put [defendants] in a better position than they would have been in if all relevant actors had foreseen Davis.").

Perhaps Goodall was actually innocent under the standard articulated in Bousley. While the Goodall court stated that "[i]f Goodall had been charged with all possible crimes, Goodall's 'crime of violence' argument would not even exist," and the government argued that it could have charged Goodall with eight counts of Hobbs Act robbery, Goodall was indicted solely on conspiracy charges. See Goodall II, 21 F.4th 559-60, 564. However, the Court need not grapple with the contours of the actual innocence standard as applied to Goodall (nor is it in a position to

---

[2] The government invites the Court to consider an amicus brief submitted by the Ninth Circuit's Federal Defenders in support of Goodall's petition for rehearing as evidence that Goodall was actually arguing that he was actually innocent all along. See Dkt. # 12 at 1-2 (citing Brief of Federal Defenders of the Ninth Circuit as Amicus Curiae Supporting Eric Goodall's Petition for Rehearing, United States v. Goodall, 9th Cir. No. 18-10004, Dkt. No. 63 at 9, 20 n.7 ("Amicus Brief")). While it is true that the Amicus Brief argues that Goodall was in fact actually innocent, it also acknowledges, "Goodall never grappled with the actual-innocence problem—the parties never framed their arguments in terms of actual innocence." Amicus Brief at 8.

[3] Unlike conspiracy to commit Hobbs Act robbery, Hobbs Act robbery remains a crime of violence under § 924(c)(3)(A). See United States v. Dominguez, 954 F.3d 1251, 1260 (9th Cir. 2020).

ORDER DENYING MOTION FOR
RECONSIDERATION - 4

do so—the Goodall record is not before the Court and it lacks facts regarding, *e.g.*, why the government declined to charge Goodall with Hobbs Act robbery). The omission of an explicit finding of actual innocence in Goodall is sufficiently differentiating from the case at hand.

Unlike Goodall, Williams argued that he is actually innocent of the felon in possession of a firearm conviction under 18 U.S.C. § 922(g). As the Court discussed in its original order, Williams is actually innocent of this conviction because his prior convictions for residential burglary and possessing stolen property were not punishable by a term of imprisonment exceeding one year and therefore were not qualifying predicate convictions. Dkt. # 6 at 4-5 (citing Rehaif v. United States, 139 S. Ct. 2191 (2019); United States v. Valencia-Mendoza, 912 F.3d 1215 (9th Cir. 2019); United States v. McAdory, 935 F.3d 838 (9th Cir. 2019)). The government agreed that Williams was actually innocent. See Dkt. # 4 at 7. While Goodall's actual innocence remains undecided, Williams' does not.

The Goodall court expressly indicated that it had not considered a miscarriage of justice exception and reserved consideration of its viability in other circumstances. See Goodall II, 21 F.4th at 565 n.6. Actual innocence is an appropriate, and differentiating, circumstance under which to permit this exception. Goodall does not compel a different result.

The Court recognizes the Goodall court's disfavor for granting waivers in the context of convictions on the premise that defendants assume "the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one." Id. at 564 (quoting Oliver, 951 F.3d at 845-46). However, it also recognizes that the Ninth Circuit avoids creating a direct conflict with other circuits absent a strong reason to do so. United States v. Chavez-Vernaza, 844 F.2d 1368, 1374 (9th Cir. 1987). Recognizing a miscarriage of justice exception to a collateral attack waiver upon a finding of actual innocence avoids reading a direct conflict into the Ninth Circuit's decision in Goodall and the Fourth Circuit's decision in Adams.

The Court emphasizes that its decision to grant a miscarriage of justice exception upon a finding of actual innocence, a rarity in light of the affirmative showing of factual innocence required, see Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir. 1997) (citing Herrera v. Collins, 506 U.S. 390, 442-44 (1993) (Blackmun, J., dissenting)), is a narrow holding. Such a narrow

ORDER DENYING MOTION FOR
RECONSIDERATION - 5

exception is not inconsistent with the Ninth Circuit's concern that permitting Goodall's "illegal conviction" exception might threaten the efficiency and finality of plea bargaining by inviting defendants to challenge waivers "by simply alleging error in the conviction." Goodall II, 21 F.4th at 564.

### III. CONCLUSION

For the foregoing reasons, the government's motion for reconsideration (Dkt. # 8) is DENIED.

DATED this 21st day of January, 2022.

Robert S. Lasnik
United States District Judge